IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RAYMUNDO EUSEBIO-NORIEGA,

    Petitioner,

v.

BRAD CAIN,

    Respondent.

Case No. 2:18-cv-00491-MO

OPINION AND ORDER

Raymundo Eusebio-Noriega
18199007
Snake River Correctional Institution
777 Stanton Blvd.
Ontario, Oregon 97914-8335

    Petitioner, *Pro Se*

Ellen F. Rosenblum, Attorney General
Samuel A. Kubernick, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

MOSMAN, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his state-court convictions for Rape, Unlawful Sexual Penetration, and Sexual Abuse. For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) is denied.

## BACKGROUND

In response to reports that he had sexually abused a six-year-old girl, the police contacted Petitioner at his apartment. They advised him of his *Miranda* rights which Petitioner indicated he understood, and transported him to the police station for questioning where he proceeded to make inculpatory statements. Respondent's Exhibit 103, pp. 21-22. As a result, on October 30, 2009, the Washington County Grand Jury indicted Petitioner on six counts of Rape in the First Degree, one count of Unlawful Sexual Penetration in the First Degree, and three counts of Sexual Abuse in the First Degree. Respondent's Exhibit 102.

Petitioner filed a pretrial motion to suppress the statements he made during his police interview, claiming that he had not made the statements voluntarily due to the coercive nature of the interview. Respondent's Exhibits 132-134. The trial court granted the motion in part as to statements Petitioner made toward the end of the interview after one of the officers indicated the charges could be reduced if he confessed. *Id* at 42-43. As to the remainder of Petitioner's statements, however, the trial court found them all to be admissible. It concluded that the average person would not have been overborne by the

interview, and that nothing in the record revealed anything unique about Petitioner that led him to be overborne by the officers' statements. *Id* at 42.

At the close of the State's case in chief, the trial court entered a judgment of acquittal as to two counts of Sexual Abuse in the First Degree. A jury convicted Petitioner of the remaining charges, and the trial court sentenced him to 250 months in prison. Respondent's Exhibit 107, pp. 13-17.

Petitioner took a direct appeal wherein he challenged the partial denial of his motion to suppress, but the Oregon Court of Appeals affirmed the trial court's decision without a written opinion. *State v. Raymundo-Noriega*, 255 Or. App. 635, 298 P.3d 1250 (2013). The Oregon Supreme Court subsequently denied review. 354 Or. 62, 308 P.3d 206 (2013).

Petitioner next filed for post-conviction relief ("PCR") in Malheur County where the PCR court denied relief on a variety of ineffective assistance of counsel claims. Respondent's Exhibit 141. The Oregon Court of Appeals affirmed the lower court's decision without issuing a written opinion, and the Oregon Supreme Court denied review. *Noriega v. Nooth*, 285 Or. App. 652, 402 P.3d 778, *rev. denied*, 361 Or. 885, 403 P.3d 766 (2017).

Petitioner filed this 28 U.S.C. § 2254 habeas corpus case on March 22, 2018 alleging that he was the victim of ineffective assistance of counsel in several particulars:

> 1. Trial counsel failed to properly litigate the motion to suppress his statements to the police, failing to call Dr.

3 - OPINION AND ORDER

Norvin Cooley as an expert witness in support of the suppression motion;

2. Trial counsel failed to present expert testimony from Dr. Cooley at trial in order to undermine the validity of the statements Petitioner made during the police interview;

3. Trial counsel failed to present Dr. Cooley as an expert witness pertaining to issues of child memory;

4. Trial counsel failed to adequately prepare for trial when he did not secure the services of an interpreter;

5. Trial counsel failed to present a coherent defense, calling witnesses to testify about the propriety of Petitioner's conduct around children when those witnesses were unable to present such testimony; and

6. The cumulative nature of counsel's errors violate Petitioner's right to due process and effective assistance of counsel.

Respondent asks the Court to deny relief on the Petition because: (1) with the exception of Ground One, Petitioner did not fairly present any of his claims in state court such that they are now procedurally defaulted;[1] (2) the PCR court's denial of Ground One was not objectively unreasonable and, therefore, does not entitle Petitioner to habeas corpus relief; and (3) Ground Six lacks merit where there are no individual errors on counsel's part to justify relief.

///

---

[1] Respondent does not assert that Petitioner procedurally defaulted Ground Six. Instead, he asserts that "it is questionable whether petitioner was required to exhaust any 'cumulative error' claim in Oregon state court, or whether the denial of relief on such a claim would be contrary to United States Supreme Court precedent." Response (#21), p. 7. Where Respondent has not raised the affirmative defense of procedural default as to Ground Six, the Court will evaluate it on its merits. *See Gray v. Netherland*, 518 U.S. 152, 165 (1996).

///
///

## DISCUSSION

### I. Exhaustion and Procedural Default

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore*, 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)).

If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *Castille v. Peoples*, 489 U.S. 346, 351 (1989). In this respect, a petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review

5 - OPINION AND ORDER

the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

In this case, Petitioner raises five grounds for relief which allege discrete instances of ineffective assistance of counsel trial. Petitioner raised Grounds One through Five to the PCR court, but he winnowed his claims down to a single question on appeal: "Where a criminal defense trial attorney filed a motion to suppress the defendant's statements as involuntary, would an attorney exercising reasonable professional skill and judgment have offered available evidence - specifically, expert witness testimony - to support the motion, where the defendant was not going to testify that the statements were involuntary?" Respondent's Exhibit 142, p. 7. He presented this same issue to the Oregon Supreme Court. Respondent's Exhibit 144, p. 12.

The issue Petitioner fairly presented to the Oregon Supreme Court mirrors his claim in Ground One. However, where he omitted Grounds Two through Five in his appeals, he failed to fairly present them to Oregon's state courts. Because the time for including the claims in Grounds Two through Five in the PCR appeals passed long ago, those claims are procedurally defaulted. Petitioner makes no showing that would excuse this default.

## II. Standard of Review

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted

6 - OPINION AND ORDER

in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and Petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. Twenty-eight U.S.C. § 2254(d) "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents.

It goes no farther." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

///

## III. Analysis

### A. Ground One: Failure to Call Dr. Cooley

As Ground One, Petitioner asserts that his trial attorney should have called Dr. Norvin Cooley to testify at the suppression hearing, and that the failure to do so resulted in prejudice to him. The Court uses the general two-part test established by the Supreme Court to determine whether Petitioner received ineffective assistance of counsel. *Knowles v. Mirzayance*, 556 U.S. 111, 122-23 (2009). First, Petitioner must show that his counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, Petitioner must show that his counsel's performance prejudiced the defense. The appropriate test for prejudice is whether Petitioner can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. *Id* at 696. When *Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result

is a "doubly deferential judicial review." *Mirzayance*, 556 U.S. at 122.

Petitioner argues that it was incumbent upon counsel to call Dr. Cooley as an expert witness to describe how Petitioner's personal characteristics made it more likely that his statements were involuntary. He asserts that had Dr. Cooley testified to his below average intelligence, shyness, and social insecurity, the trial court would have granted the suppression motion in its entirety.

Although Dr. Cooley could have testified to these issues, his testimony could have been quite damaging to Petitioner's claim of coercion. Trial counsel explained this dynamic in an affidavit he filed during the PCR proceedings:

> I did not call Dr. Cooley as a witness for several reasons. I conferred with both Dr. Cooley and Petitioner's prior counsel . . . regarding this issue. My conclusion was simple. Dr. Cooley clearly stated that at the time of the interview, Petitioner had no mental illness, no intoxication, and that Petitioner was not significantly suggestible to interrogation settings. Furthermore, Dr. Cooley indicated that Petitioner understood his *Miranda* warnings. These are facts that would have come out during the proceedings if Dr. Cooley would have been called as witness. This would have been a very negative consequence for Petitioner as the jury would hear from an expert that my client understood his rights and still made the statements. Dr. Cooley said that Petitioner had a lower than average IQ and that he was legally naïve, still the conclusion was that Petitioner made statements understanding his rights. Add to that the fact that Dr. Cooley would have testified that Petitioner was not overly suggestible, I think Dr. Cooley would have

>   been a bad witness for the defense at any
>   phase of the proceedings.

Respondent's Exhibit 131, pp. 1-2.

When trial counsel realized that Dr. Cooley's testimony would not be beneficial to the defense, he attempted to hire another expert but was denied funds to do so. Respondent's Exhibit 131, p. 2. Counsel twice appealed the funding issue, but those appeals were not successful. Based upon the nature of Dr. Cooley's potential testimony, and the fact that he was unable to secure funding to attempt to locate an expert more favorable to the defense, counsel did not present any expert testimony in support of the suppression motion.

After evaluating the record, the PCR court concluded as follows:
>   Trial counsel was not ineffective for failing
>   to call Dr. Cooley as a witness to testify in
>   support of Petitioner's motion to suppress.
>   Counsel explained in his affidavit [] that he
>   concluded that the testimony of Dr. Cooley
>   would have been more harmful tha[n] helpful
>   to Petitioner's Motion to Suppress.
>   Petitioner presented no evidence to show that
>   this was an unreasonable strategic decision.
>   In fact, the evidence supports trial
>   counsel's decision.

Respondent's Exhibit 141, pp. 1-2.

Where Dr. Cooley would have testified that Petitioner understood his rights, was not suggestible, and did not suffer from mental illness or intoxication, his testimony would not have been helpful to show that Petitioner was more easily overborn than the average person. It was therefore a reasonable strategic decision for counsel to refrain from calling Dr. Cooley to present potentially harmful expert testimony. Because counsel's

10 - OPINION AND ORDER

performance does not fall below an objective standard of reasonableness, the PCR Court's decision denying relief on this claim is neither contrary to, nor an unreasonable application of, clearly established federal law.

B. **Ground Six: Cumulative Error**

Where Petitioner fails to establish any error on counsel's part as to Grounds One through Five, even under a *de novo* standard of review, he cannot prevail upon his claim of cumulative error. *See Cone v. Bell*, 556 U.S. 449 (2009) (*de novo* review appropriate where state courts have not passed upon the merits of a properly raised claim).

IV. **Motion for Counsel and Evidentiary Hearing (#58)**

After briefing for this case closed, Petitioner submitted a Motion in which he asks the Court to reconsider its denial of appointed counsel in this case. The Court previously denied Petitioner's five motions for appointment of counsel in this case, and advised him it would not entertain any such motions. His request for reconsideration on this issue is denied.

Petitioner also asks the Court to conduct an evidentiary hearing in this action. Because the record in this case is sufficiently developed to resolve the issues before the Court, Petitioner's request for an evidentiary hearing is denied. *See Rhoades v. Henry*, 638 F.3d 1027, 1041 (9th Cir. 2011).

**CONCLUSION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) and the Motion for Counsel and Evidentiary Hearing (#58) are denied. The Court declines to issue a

11 - OPINION AND ORDER

Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 5th day of February, 2020.

                                          Michael W. Mosman
                                        United States District Judge